## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

1. MARTHA K. NOOTBAAR, )
                     Plaintiff, )
v. ) Case No. CIV-19-110-D
1. ALDERWOODS (OKLAHOMA), ) JURY TRIAL DEMANDED
    INC., d/b/a RESTHAVEN ) ATTORNEY LIEN CLAIMED
    FUNERAL HOME, )
                     Defendant. )

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Martha K. Nootbaar ("Plaintiff" or "Nootbaar"), and for her causes of action herein alleges:

## PARTIES

1. At all times mentioned herein, Plaintiff was a resident of Pottawatomie County, Oklahoma.

2. Defendant Alderwoods (Oklahoma), Inc., d/b/a Resthaven Funeral Home, is a domestic for profit business corporation operating in, Pottawatomie County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for disability discrimination, including retaliation for Plaintiff requesting reasonable accommodations, in violation of the Americans with Disabilities Act (ADA) and Oklahoma's Anti-Discrimination Act (OADA). Jurisdiction over the federal claims is vested in this Court pursuant to 42 U.S.C. § 2000e-5(f)(1), 42 U.S.C. § 12117(a) and 28 U.S.C. § 1331.

4. Defendant is located and does business in Pottawatomie County, Oklahoma, and the actions giving rise to this action occurred in Pattawatomie County, such that Defendant may be served in Pattawatomie County, Oklahoma. Pottawatomie County is located in the Western District of the United States District Court of Oklahoma, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## STATEMENT OF FACTS

5. Defendant employed at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or proceeding calendar year. Accordingly, Defendant is an employer under the ADA. There is no minimum employee requirement to be subject to the OADA.

6. Plaintiff is an adult female who was employed by Defendant from approximately January 9, 2016 until her wrongful discharge on or about January 19, 2018.

7. At the time of Plaintiff's termination, she occupied the job position of Family Services Counselor.

8. During all periods of employment, Plaintiff was qualified for her job and performed satisfactorily.

9. On or around October 16, 2017, Plaintiff started experiencing pelvic pressure, irregular bowel movements, and extreme discomfort, which led Plaintiff to seek medical advice and treatment from her gynecologist. Plaintiff was diagnosed with Uterine Prolapse and advised to undergo a full hysterectomy (removal of the uterus) and vaginal reconstruction.

10. On or around October 26, 2017, after seeking medical attention, Plaintiff advised her supervisor and sales manager, Darlene Dallas, district manager, John Davenport, and general manager, Shelly Clemens, of her recent medical diagnosis and notified them that she needed to have surgery. Ms. Dallas requested Plaintiff wait to schedule her surgery until Defendant had hired and trained an additional Family Services Counselor. Plaintiff respected Ms. Dallas' request and delayed her surgery.

11. On or around January 8, 2018, Plaintiff notified Darlene Dallas that her surgery was tentatively scheduled for February 7, 2018, and Plaintiff's recovery would last approximately six (6) weeks. On or around January 11, 2018, Plaintiff received a call from her doctor's office confirming her upcoming surgery for February 7, 2018, and immediately notified Plaintiff's immediate supervisor and sales manager, Darlene Dallas. Ms. Dallas advised Plaintiff to immediately complete all required paperwork regarding short term disability leave.

12. On or around January 19, 2018, approximately two (2) weeks after Plaintiff informed her immediate supervisor, Darlene Dallas, that she was scheduled to have surgery and less than three (3) weeks before Plaintiff's scheduled surgery, Plaintiff was wrongfully terminated.

13. Defendant claimed the reason for Plaintiff's termination was for falsifying documents, including fictitious appointments, however, this reason is false because Plaintiff did not engage in misconduct and the company knew that the allegations were false prior to Plaintiff's termination.

14. The real reason for Plaintiff's termination was her disability (including having an actual disability, a record of disability, and/or because Defendant perceived Plaintiff as being disabled).

15. Plaintiff timely filed a charge of discrimination on or about March 16, 2018. After the expiration of 180 days, Plaintiff requested and received a right to sue letter on November 7, 2018. This lawsuit is timely brought within ninety (90) days of issuance of the right to sue letter. By such actions Plaintiff exhausted all state and federal administrative requirements for her wrongful termination actions under the OADA and the Americans with Disability Act as Amended (ADAAA).

## COUNT I

Plaintiff incorporates all prior allegations and further alleges that:

16. Discrimination and retaliation based on disability is contrary to the ADAAA.
17. Plaintiff is entitled to compensation for all of the damages above described with reinstatement and/or front pay.
18. The actions of Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, such that punitive damages should be assessed in a sum equal to or greater than the amount of actual damages awarded.

## COUNT II

Plaintiff incorporates all prior allegations and further alleges that:

19. Discrimination based on disability and retaliation for opposing the same is contrary to Oklahoma's Anti-Discrimination Act.
20. Plaintiff is entitled to compensation for all the wage and benefit damages above described together with reinstatement and/or front pay.
21. The actions of Defendant were intentional, such that liquidated damages should be assessed in a sum equal to Plaintiff's wage loss through the date of trial.

## **PRAYER**

**WHEREFORE,** Plaintiff prays that she be awarded her actual and liquidated damages together with costs, pre- and post-judgment interest and attorney's fees, and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 4th DAY OF FEBRUARY 2019.**

                                                      HAMMONS, GOWENS, HURST
                                                    &amp; ASSOCIATES

                                                    /s/Kristin E. Richards
                                                    Mark Hammons, OBA No. 3784
                                                    Amber L. Hurst, OBA No. 21231
                                                    Kristin E. Richards, OBA No. 33255
                                                    325 Dean A. McGee Avenue
                                                    Oklahoma City, Oklahoma 73102
                                                    Telephone: (405) 235-6100
                                                    Facsimile: (405) 235-6111
                                                    Kristin@hammonslaw.com
                                                    Jury Trial Demanded
                                                    Attorney Lien Claimed
                                                    *Counsel for Plaintiff*