# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MARTHA K. NOOTBAAR, )
)
    Plaintiff, )
)
v. ) Case No. CIV-19-110-D
)
ALDERWOODS (OKLAHOMA), )
INC., d/b/a RESTHAVEN )
FUNERAL HOME, )
)
    Defendant. )

## ORDER

Before the Court is Plaintiff's Motion to Strike Affirmative Defenses [Doc. No. 11]. Defendants have responded [Doc. No. 16] and Plaintiff has replied [Doc. No. 19]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff brought the present action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, §§ 1101-1901. Plaintiff alleges she was discriminated against and wrongfully terminated because of her disability. She moves to strike Defendant's Affirmative Defenses Nos. 2, 3, 6, 7, 10, and 11 as legally insufficient pursuant to Rule 12(f), Federal Rules of Civil Procedure, which state:

    2.    Plaintiff's claims are barred in whole or in part by regulation and/or statute.

    3.    Plaintiffs' claims are barred in whole or in part by the following doctrines: estoppel (legal and equitable), illegality, fraud, and unclean hands.

6. Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

7. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

10. Any claim for punitive damages is barred because of the provisions of the Oklahoma Constitution and the Constitution of the United States as set out more specifically below:

    a. Any claim for punitive damages in this case would amount to a denial of substantive due process and procedural due process in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, because damages might be imposed based upon a burden of proof which does not rise to the level of clear, cogent or convincing evidence.

    b. Plaintiff's claim for punitive damages violates Defendants' rights to access to the courts guaranteed by the Seventh and Fourteenth Amendments of the United States Constitution, since the threat of an award of unlimited punitive damages chills Defendant's exercise of rights to free access to the courts and violates Article II, Section II-6 of the Oklahoma Constitution requiring that all courts shall be open.

    c. Any claim for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution in that the standard for determining the requisite mental state of the defendant or imposition of punitive damages is void for

vagueness. There are no objective guidelines on which the finder of fact may base its award, and the tests or standards for which punitive damages are awarded differ from state to state such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, and may result in different amounts of punitive damages, depending upon the state in which the suit is filed, thereby resulting in disparate treatment of similarly situated defendants because of economic advantage or disadvantage and, thus deny Defendant due process and equal protection of the law.

    d.    Any award of punitive damages in this case would be excessive and disproportionate to the award of compensatory damages thus violating principles of due process and equal protection of the laws.

    e.    Any award of punitive damages in this case would constitute an excessive fine in violation of Article II, Section II-9 of the Oklahoma Constitution.

11.    As discovery is continuing, Defendant reserves the right to amend this Answer to assert additional defenses and/or claims, as appropriate.

*See* Answer [Doc. No. 8] at 5-8.

Plaintiff argues the aforementioned "defenses are so insufficiently pleaded that they fail to give notice under any standard or are simply legally insufficient." Motion at 5. Defendant responds that: (1) its defenses are sufficiently pleaded and provide fair notice;

and, (2) "the parties will have the opportunity to explore the applicability of Defendant's defenses before trial" through discovery. Response at 7.

**STANDARD OF DISCISION**

Federal Rule of Civil Procedure 12(f) grants the Court authority to "strike an insufficient defense, or any redundant, immaterial, impertinent or scandalous matter." However, this is a "'drastic remedy' and must not be granted unless, as a matter of law, the defense cannot succeed under any circumstances." *United States v. Hardage*, 116 F.R.D. 460, 463 (W.D. Okla. 1987); *see also, Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006). "A defense should not be stricken 'if there is any real doubt' about its validity, and 'the benefit of any doubt should be given to the pleader.'" *Sender*, 423 F. Supp. 2d at 1163 (D. Colo. 2006) (quoting *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736-37 (N.D. Ill. 1982)).

The disfavor for granting motions to strike affirmative defenses is grounded in the possibility of waiver. *See Bobbitt*, 532 F. Supp. 734 at 736 ("[T]he very possibility of waiver makes it important (and certainly prudent) to plead all appropriate affirmative defenses."). Rule 8(c) states that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Therefore, "the cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials." *Bobbitt*, 532 F. Supp. at 736.

The undersigned has previously noted the distinction between Rule 8(c) and Rule 8(a)(2)'s pleading standards and held that the heightened pleading standard set forth in *Bell*

4

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) do not apply with the same force to affirmative defenses. *Wilson v. Lady Di Food Groups Holding, LLC*, CIV-16-1424-D, 2017 WL 1458783, at *1 (W.D. Okla. Apr. 24, 2017); *Holt v. Roy Blackwell Enter., Inc.,* Case No. CIV-14326-D, 2016 WL 319894, 3, n.3. "[A] more abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes." *Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-397-HE, 2009 WL 10671291, at *1 (W.D. Okla. July 30, 2009). Accordingly, "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause come sort of significant prejudice to one or more of the parties to the action" a motion to strike should be denied. *Wilson,* 2017 WL 1458783, at *1 (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2004)).

## DISCUSSION

**I.      Affirmative Defense No. 2 - Compliance with Applicable Regulation or Statute**

Plaintiff states that this defense necessarily implicates "every statute in the United States Code and every regulation in the Code of Federal Regulations as defense to this action." Motion at 5-6. The Court disagrees. Plaintiff brings claims only under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Oklahoma's Anti-Discrimination Act, Okla. Stat. tit. 25, §§ 1101-1901. Therefore, read in context with the allegations of the Complaint, the Court finds this defense provides sufficient notice to avoid

5

prejudice to Plaintiff.  *See Bruner v. Midland Funding, LLC*, CIV-16-1371-D, 2018 WL 563183, at *2 (W.D. Okla. Jan. 25, 2018).  Plaintiff's Motion as to this defense is denied.

II.     **Affirmative Defense No. 3 - Estoppel (Legal and Equitable), Illegality, Fraud, & Unclean Hands**

Plaintiff contends this defense should be stricken because it "relies on bare labels to encompass a broad swath of different defenses."  Motion at 6.  Defendant asserts that these defenses are intended to rebut the allegation that the reason given for her termination was false.  Response at 11.  Plaintiff alleges in the Complaint that Defendant claimed the reason for her termination was that she had falsified documents.  Complaint [Doc. No. 1] at ¶13.  It is not clear from the Complaint or the affirmative defense what documents were falsified or whether the alleged falsification of documents was contrary to any law, constituted fraud, or otherwise implicates the enumerated theories listed in this defense.

The Court finds as it did in *Wilson* that these defenses "are listed in shotgun fashion" and the applicability thereof to the claims is unclear.  *Wilson*, 2017 WL 1458783, at *2; *see also Knighten v. Allstate Ins. Co.*, CIV-17-683-D, 2018 WL 718533, at *3 (W.D. Okla. Feb. 5, 2018).  Plaintiff's Motion is granted as to Affirmative Defense No. 3.  However, Defendant is permitted to reassert any of these defenses in a more detailed manner within the time period for amendment of pleadings to be set at any subsequent scheduling conference.

III.    **Affirmative Defense No. 6 – After-Acquired Evidence**

Reading Affirmative Defense No. 6 in context with the Complaint, it can be inferred that Defendant refers to evidence related to Plaintiff's alleged falsification of documents.

6

Therefore, the Court finds that this defense "contain[s] sufficient detail to indicate the relationship of the defense to the claims asserted and to avoid undue prejudice to Plaintiff." *See Holt v. Roy Blackwell Enterprises, Inc.*, CV-15-326-D, 2016 WL 319894, at *3 (W.D. Okla. Jan. 26, 2016). Plaintiff's Motion is denied as to this affirmative defense.

IV.     **Affirmative Defense No. 7 - Applicable Statute of Limitations**

Defendant asserts that "Plaintiff is put on clear notice, by Defendant's Answer, that if she seeks to expand her factual assertions by including events beyond the scope of the discrimination charge and/or outside the statute of limitations, Defendant will seek denial of Plaintiff's claims." Response at 16. Defendant's reasoning is unpersuasive and admits a lack of obvious or inferable relationship or connection to the claims as pleaded in the Complaint. *See Wilson,* 2017 WL 1458783, at *2 (striking similar affirmative defense for lack of relationship to the pleaded claims). Accordingly, Plaintiff's Motion is granted as to this affirmative defense.

V.      **Affirmative Defense No. 10 - Punitive Damages are Unconstitutional**

This defense sufficiently states Defendant's position regarding the availability of punitive damages and/or the propriety of any assessment of punitive damages. This defense clearly bears relevance to the subject matter of the controversy and Plaintiff has not shown how, if permitted to remain, its assertion would result in significant prejudice to her. *See Knighten*, 2018 WL 718533, at *3. Plaintiff's Motion as to this defense is denied.

## VI. Affirmative Defense No. 11 – Reservation of Right to Amend Answer to Assert Additional Defenses and/or Claims

Rule 15, rather than a reservation of rights, governs Defendant's ability to add defenses through amendment of a pleading. *See* Fed. R. Civ. P. 15; *Holt*, 2016 WL 319894, *2. Therefore, Plaintiff's Motion is granted as to this defense.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Strike Affirmative Defenses [Doc. No. 11] is **GRANTED** in part and **DENIED** in part, as set forth herein. Defendant's Third Affirmative Defense, which states "Plaintiff's claims are barred, in whole or in part, by the following doctrines: estoppel (legal and equitable), illegality, fraud, and unclean hands," is stricken without prejudice to the later filing of a timely motion to amend its Answer, if appropriate.

**IT IS SO ORDERED** this 5th day of August 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge